■ In the Matter of ADRIENNE M., a Child Alleged to be Neglected. [610 NYS2d 908] —Order affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Family Court (153 Misc 2d 803). Family Court's order directed that the child be placed in the custody of the Department of Social Services (DSS) for foster care for up to 12 months but prohibited the use of a specified foster home where the child

had formed an attachment during previous informal and formal placements. That order is challenged by DSS as an infringement on its authority. The line between the authority of the court and the authority of the treatment agency in controlling details of a child's placement has presented difficult issues throughout the country (see, Harris, *Rethinking the Relationship Between Juvenile Courts and Treatment Agencies —An Administrative Law Approach*, 28 J Fam L 217 [1989-1990]). In this case, however, there is a statutory provision upon which the court relied that supports the court's exercise of authority (see, Family Ct Act § 1017 [2] [b]). We do not review the contentions of petitioner that the court's placement of the child is against the weight of the evidence and that the testimony of a mental health professional was improper. The placement has expired and thus those issues are moot.

All concur except Doerr, J., who dissents and votes to reverse in the following Memorandum.

Doerr, J. (dissenting). I respectfully dissent. I cannot accept the conclusion reached by the majority that Family Court Act § 1017 (2) (b) empowers Family Court to enjoin the Department of Social Services (DSS) from placing a child in a particular foster home. That statute provides that Family Court may order DSS to place a child in a particular foster home. An examination of the legislative history of the statute reveals that it was designed to facilitate the placement of children with their relatives, if any are available, and to allow Family Court to order that a child be retained in a foster home with which the child had become familiar. The statute contains no converse provision allowing Family Court to prevent DSS from placing a child in a particular foster home. The statutory scheme provides that, in all other cases where the child is placed into the custody of the Commissioner of Social Services, DSS must provide for the child's placement according to law. The majority's expansive reading of Family Court Act § 1017 (2) (b) goes well beyond the plain language of the statute, defies its legislative history, and improperly impinges upon the authority of DSS to carry out its statutory duty of providing appropriate placements for abused and neglected children. In this case, it also has the effect of preventing a young child, neglected and ill-used by her mother, from returning to the foster family that has provided her with the only love and nurturance she has known. (Appeal from Order of Monroe County Family Court, Sciolino, J.

—Neglect.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.